**In re Elaine ROBINSON, a/k/a Elaine Dublin, Debtor.**

Civ. A. No. 87–0217.
Bankruptcy No. 86–01798G.

United States District Court,
E.D. Pennsylvania.

July 1, 1987.

## ORDER

DITTER, District Judge.

AND NOW, this 30th day of June, 1987, it is hereby ordered that the December 8, 1986 order of the United States Bankruptcy Court, 68 B.R. 29, of the Eastern District of Pennsylvania is reversed.

The question presented by this appeal from the bankruptcy court is whether, under Chapter 13 of the Bankruptcy Code, a mortgagee with a security interest in real property that is the debtor's principal residence, is entitled to receive interest on mortgage payments which are in arrears, despite the absence of such a provision in the mortgage agreement[1], when the debtor's plan allows her to cure the default by paying arrearages through the trustee while maintaining current payments to the mortgagee. *See* 11 U.S.C. § 1322(b)(2) and (5). The two United States Courts of Appeals which have addressed this issue have reached opposite results. I am persuaded by the reasoning of the courts and leading commentator who have concluded that no extra-contractual interest on arrearages is required by sections 506(b) and 1325(a)(5) of the Code and follow their position without reiterating their analysis here. *See In re Terry*, 780 F.2d 894 (11th Cir.1985), 5 *Collier on Bankruptcy* ¶ 1332.09[1]–[4] (15th ed. 1987). *See also In re Colegrove*, 771 F.2d 119, 123–25 (6th Cir.1985) (Celebrezze, J., dissenting). *Accord* 41 Pa.Stat. Ann. § 404 (Supp.1987) (right to cure default without interest on arrearages under Pennsylvania law). In short, the give and

---

1. The note secured by the mortgage agreement provides for a late charge of two percent of any monthly payment more than 15 days late, but does not provide for additional interest on amounts in arrears. Consequently, under the contract, the mortgagee may recover no more than the late charge as interest on arrearages. *Accord In re Colegrove,* 771 F.2d 119, 124 n. 1 (6th Cir.1985) (Celebrezze, J., dissenting).

take policies underlying the Bankruptcy Code provide that the rights of mortgagees of a principal residence may not be altered but they are not entitled to present value of allowed claims through interest payments, while, conversely, the rights of other secured creditors may be altered but they are entitled to interest payments which preserve the present value of their allowed claim.